**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 22-cv-5512<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

## UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT

Pursuant to the parties' settlement agreement, Plaintiff hereby moves this Court for entry of the Consent Judgment for Defendant No. 388 "sell at a loss" attached hereto.

Date: November 22, 2022

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. Lasalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
brandon@saperlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>              Defendants. | Case No. 22-cv-5512<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Jeffrey T. Gilbert** |

## CONSENT JUDGMENT

This action having been commenced by Plaintiff Safeworld International Inc. ("Plaintiff") against Defendant No. 388 "sell as a loss" ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and has used infringing and counterfeit versions of the CAN-GUN Trademark (collectively, the "Unauthorized CAN GUN Products") to residents of Illinois. The CAN GUN Trademark is included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| 3539995 | CAN-GUN | 021 |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the CAN-GUN Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CAN-GUN product or not authorized by Plaintiff to be sold in connection with the CAN-GUN Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CAN-GUN product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the CAN-GUN Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized CAN-GUN Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the CAN-GUN Trademark; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

      inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the CAN-GUN Trademark.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff one thousand five hundred dollars ($1,500) in damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [ECF 19] and Preliminary Injunction Order [ECF 33].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED:

Dated: _____

 

_____
Thomas M. Durkin
United States District Judge